**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000763
10-FEB-2026
08:37 AM
Dkt. 67 SO**

NO. CAAP-24-0000763

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
KAMEALOHANAKEKAIAULU WILBUR-DELIMA,
Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-23-0000274)

## SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Wadsworth and Guidry, JJ.)

Defendant-Appellant Kamealohanakekaiaulu Wilbur-Delima

(**Wilbur-Delima**) appeals from the Circuit Court of the First

Circuit's (**circuit court**) October 23, 2024 "Judgment of

Conviction and Sentence" (**Judgment**).[1]

On March 6, 2023, Plaintiff-Appellee State of Hawaiʻi

(**State**) charged Wilbur-Delima by Indictment with Robbery in the

---

[1] The Honorable Faʻauuga L. Toʻotoʻo presided.

Second Degree, in violation of Hawaii Revised Statutes § 708-841(1)(a) (2014) and/or (b) (2014). A jury found Wilbur-Delima guilty as charged. The circuit court sentenced Wilbur-Delima to a ten-year term of imprisonment, with credit for time served, and ordered Wilbur-Delima to pay restitution in the amount of $49.98 to Malama Market Makakilo (**Malama Market**).

Wilbur-Delima raises two points of error on appeal, contending that: (1) "the [circuit] court erred in barring and prohibiting Wilbur-Delima from introducing relevant bad act evidence regarding the complaining witness [(**CW**)]"; and (2) "insufficient evidence was adduced at trial to convict Wilbur-Delima of Robbery in the Second Degree." (Formatting altered.)

Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Wilbur-Delima's contentions of error as follows:

(1) Wilbur-Delima contends that the circuit court erred by "barring and prohibiting" his introduction of "relevant bad act evidence" of CW. Wilbur-Delima sought to introduce this evidence in order "to impeach [CW]," and he contends that "[t]he proffered evidence was relevant to show the motive and intent of [CW] in prosecuting this criminal indictment."

> Prior bad act evidence under [Hawaii] Rules of Evidence (**HRE**) Rule 404(b) (1993) is admissible when it is 1) relevant and 2) more probative than prejudicial. A trial court's determination that evidence is relevant within the

2

> meaning of HRE Rule 401 (1993) is reviewed under the right/wrong standard of review. However, a trial court's balancing of the probative value of prior bad act evidence against the prejudicial effect of such evidence under HRE Rule 403 (1993) is reviewed for abuse of discretion. An abuse of discretion occurs when the court clearly exceeds the bounds of reason or disregards rules or principles of law to the substantial detriment of a party litigant.

State v. Cordeiro, 99 Hawai‘i 390, 404, 56 P.3d 692, 706 (2002) (emphasis added) (cleaned up).

The State contends that there was no error because the circuit court permitted Wilbur-Delima's counsel to cross-examine CW "at length" about the "'unproductive stops' . . . during the course of [CW's] employment at Malama Market."

We agree with the State that the circuit court provided Wilbur-Delima ample opportunity to establish CW's record of employee discipline. The circuit court expressly permitted defense counsel to question CW regarding unproductive stops, as long as counsel did not get into "the specific details" of or "basis for" each unproductive stop:

> THE COURT: . . . So, **the [circuit c]ourt is not allowing you to go into the specific basis for the discipline. You have already established he had been disciplined four times already.**
>
> [DEFENSE COUNSEL]: But, Your Honor, is it specifically related to unproductive stops.
>
> THE COURT: Go ahead. And **you can ask about the purpose of discipline as he failed to follow the rule, but not the specific details.**
>
> . . . .
>
> THE COURT: **I will not allow you to get into all the details of the basis of the discipline. So you get right to the specific act that he failed to do per the manual.**
>
> [DEFENSE COUNSEL]: Okay.

. . . .

    THE COURT:  **We understand he has been disciplined four times for failure to follow the manual.**  So get to the specific --

    [DEFENSE COUNSEL]:  Okay.  **Can I just get add [sic] that one part where it is because of unproductive stop, though, because it is very important?**

    THE COURT:  **It is.  I will allow you that,** but as to any detail --

    [DEFENSE COUNSEL]:  Okay.  Okay.  Thank you.

    THE COURT:  Continue.

(Emphasis added.)

Defense counsel proceeded to question CW regarding his multiple "failure[s] to perform work as required regarding . . . incident[s]" that occurred on specific dates.  Defense counsel ascertained CW's understanding that CW's work performance failures "were for unproductive stops," an "unproductive stop is the stopping of a customer a loss prevention officer believes to be a shoplifter, when the stop doesn't result in an arrest," and "an unproductive stop can result in an employee discipline where a failure to perform work is required."  CW replied that he understood the above statements to be "[c]orrect."

The record reflects, moreover, that defense counsel was permitted to ask CW whether his reason for not "apprehending" Wilbur-Delima was motivated by CW's interest in avoiding a "fifth unproductive stop":

    [DEFENSE COUNSEL].  Well, Mr. Wilbur-Delima, the defendant, he left without you apprehending him, right?

[CW].  That's correct.

[DEFENSE COUNSEL].  And you had to have a reason for him leaving without apprehending him, right?

[CW].  Not necessarily, no.

[DEFENSE COUNSEL].  You already had four unproductive stops, and you have been disciplined for them prior, right?

[CW].  I had, yeah.

[DEFENSE COUNSEL].  You couldn't afford a fifth unproductive stop, right?

[CW].  I could, yeah.

Wilbur-Delima does not specify what further relevant "bad act evidence" he was precluded from introducing, nor has he demonstrated that he was harmed by not being permitted to introduce such evidence.  We conclude that Wilbur-Delima's contention lacks merit.

(2) Wilbur-Delima contends that the record evidence is insufficient to support that he "use[d] force" and/or "threaten[ed] the imminent use of force" against CW while in the commission of theft.  We apply the following standard in our review of Wilbur-Delima's contention:

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury.  The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.

State v. Kalaola, 124 Hawai'i 43, 49, 237 P.3d 1109, 1115 (2010) (citation omitted).  "Substantial evidence . . . is credible evidence which is of sufficient quality and probative value to

5

enable a person of reasonable caution to support a conclusion." Id. (cleaned up).

Wilbur-Delima contends he testified at trial that he "did not hit, punch or strike [CW]," and that he "did not step on [CW's] foot." CW testified that Wilbur-Delima stepped on his foot and punched him in the chest. CW also testified that Wilbur-Delima told him: "I am not coming back in the store. Don't touch my fucking shit. I will beat your ass." As the trier of fact, the jury had the prerogative to find that CW was a credible witness, and to accept his version of events. See State v. Jhun, 83 Hawaiʻi 472, 483, 927 P.2d 1355, 1366 (1996) ("In a jury trial, the jury is the trier of fact and, thus, is the sole judge of the credibility of the witnesses and the weight of the evidence. When reviewing a jury trial, an appellate court will not pass upon the jury's decisions with respect to the credibility of witnesses and the weight of the evidence, because this is the province of the jury as the trier of fact.") (citations omitted). We therefore conclude that there was substantial evidence to support the jury's finding that Wilbur-Delima used or threatened the imminent use of force against CW while in the commission of theft.

NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

For the foregoing reasons, we affirm the Judgment.

DATED: Honolulu, Hawaiʻi, February 10, 2026.

On the briefs:

Walter J. Rodby,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge